IRVING TRUST COMPANY, as Trustee under Trust Indenture Dated October 22, 1927, between HUGH M. BEUGLER, as Settlor, and IRVING TRUST COMPANY, as Trustee, for the Benefit of BERTHA L. BEUGLER, Appellant, v. BERTHA I. BEUGLER, GEORGE E. HALL, as Administrator d. b. n. c. t. a., etc., of HUGH M. BEUGLER, GEORGE E. HALL, as Administrator, etc., of MARTHA B. BEUGLER, Respondents, and NAN BEUGLER VAIL and Others, Appellants. IRVING TRUST COMPANY, as Trustee under Trust Indenture Dated April 5, 1930, between HUGH M. BEUGLER, as Settlor, and IRVING TRUST COMPANY, as Trustee, for the Benefit of LOIS DALE BEUGLER, Appellant, v. LOIS DALE BEUGLER, Defendant, GEORGE E. HALL, as Administrator d. b. n. c. t. a., etc., of HUGH M. BEUGLER, GEORGE E. HALL, as Administrator, etc., of MARTHA B. BEUGLER, Respondents, and NAN BEUGLER VAIL and Others, Appellants.— These appeals are from two interlocutory judgments of the Supreme Court entered in Ulster county in two separate actions brought in that court by the appellant to take and state its accounts as trustee of two *inter vivos* trusts established by Hugh M. Beugler, now deceased, for the benefit of Bertha L. Beugler and Lois Dale Beugler respectively, and for other matters in connection with the administration of the trusts, including

instructions as to the disposition of income accrued in the two trusts on the date of the settlor's death. These agreements are substantially identical in language. The pertinent portions of the agreement for the benefit of Bertha L. Beugler follow:

" FIRST: To keep the said property invested, to invest and from time to time reinvest the same and the proceeds thereof, and to collect the income therefrom, and after deducting all lawful charges and expenses in connection with the administration of this trust, to pay over the net income as follows:

" A. During the life of the Settlor, to pay to Bertha L. Beugler the sum of One hundred and fifty Dollars ($150) per month while she lives, and the entire balance of said net income in equal monthly installments, as nearly as may be, to the Settlor so long as he shall live.

" B. Upon the death of the Settlor and in the event that Bertha L. Beugler shall survive him

" (1) The Trustee shall set aside so much of the principal then remaining of said trust fund as, in its absolute discretion, it shall deem to be sufficient to produce the income hereinabove provided to be paid to Bertha L. Beugler and, during her life, shall continue to pay said income to her so long as she shall live and any surplus income from the principal as set aside shall be paid in equal shares *per stirpes* to the Settlor's children now living and to the surviving issue of any such child or children who shall have predeceased the Settlor or who shall die during the life of said Bertha L. Beugler, * * * and upon the death of Bertha L. Beugler, the Trustee shall pay over and distribute the principal so set aside in equal shares *per stirpes* to the Settlor's children now living and to the surviving issue of any such child or children who shall have predeceased said Bertha L. Beugler, * * *.

" (2) The Trustee shall divide the balance of said trust property remaining after the setting aside of the portion thereof for the benefit of Bertha L. Beugler into as many equal shares as the number of the Settlor's children now living who shall survive him, or who, having predeceased him, shall leave issue surviving him; and, in the case of such of said Settlor's children as shall have predeceased him, leaving issue surviving the Settlor, the Trustee shall pay over and distribute one such share to the issue of each of such deceased children surviving the Settlor, in equal shares *per stirpes;* and in the case of such of the Settlor's children now living as shall survive him, the Trustee shall hold one such share IN TRUST for the benefit of each of such children and to pay over the income therefrom to such child in equal quarterly installments, as nearly as practicable, during the period of his or her life, and upon the death of such child the Trustee shall pay over and distribute the share so held In Trust for such child, to the issue of such child then surviving in equal shares *per stirpes*, * * *

" SECOND: The Trustee may from time to time in its absolute discretion, and as often as it deems advisable to pay over, transfer, convey, assign and deliver to the Settlor all or any part of the principal of the said trust fund, at all times retaining, however, a sufficient Principal Fund to provide the income to be paid to Bertha L. Beugler as aforesaid, and upon such payment or transfer, all obligation of the Trustee in reference to that part of the principal so paid over shall forthwith cease."

The trust for the benefit of Lois Dale Beugler provided for the payment of $2,500 per annum in equal monthly installments while she lived, or until she married some person other than the settlor. The monthly benefits had in each instance been paid to July 1, 1939, and settlor died on July 13, 1939. At the time of his death there was accumulated in the hands of the Trustee under the Bertha L. Beugler settlement income amounting to $2,364.38 and accumulated income of $680.31 under the Lois Dale Beugler trust and further income was not received until several months thereafter, due to the nature of the trust investments. The portions of the judgments appealed from relate only to the disposition of these respective amounts of accumulated income. The trial court apportioned these accumulations of income between the respective wives and the estate of the settlor, allowing each of the wives sixteen-thirtieths of one month's income and directing that the balance be paid to the estate of the settlor. The trial court was of the opinion the settlor contemplated the end of one trust and the setting up of another upon his death, that provision was made for the setting up of a new corpus for a new trust to come into being upon his death for the benefit of the wife and thereafter the beneficiaries were entitled only to income from the new principal. The trustee urges that the accumulated income was chargeable with a sum sufficient to continue unbroken the monthly payments to the wives and that only the balance not necessary for this purpose belonged to the estate of the settlor. It claims that unless this were done the trustee would have insufficient income on hand to make the monthly payments, because no new income would be received from the trust investments until several months after the death of the settlor and during this hiatus there would be no income out of which to pay the monthly installments to the wives unless it be permitted to use the accumulated income for this purpose. We believe that there was but one trust in each instance and that the direction to the trustee, upon the death of the settlor, to set aside so much of the principal then remaining of said trusts as it deemed sufficient to produce the income directed to be paid to the wives, did not constitute a creation of a new trust. We further hold that the accumulated income should be used by the trustee for the purpose of continuing the payments to the wives so long as was necessary. The interlocutory judgments are reversed on the law and facts insofar as appealed from, and an interlocutory judgment directed to be entered in each case providing that the respective trusts involved, so far as the principal held for the payment of income to the primary beneficiaries is concerned, continue after the settlor's death until the death of such beneficiary, that the income accrued and on hand at the time of settlor's death is chargeable with such amounts as may be necessary to enable the trustee to continue unbroken the monthly payments to the primary beneficiaries provided for by the trust indentures, and directing that the appellant account accordingly, with costs as in one action to all parties filing briefs payable out of the respective trust funds. Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ., concur.